UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-96-S-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| HORACIO RAUL ESTRADA-ELIAS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the Defendant's motion to dismiss, or, alternatively, to transfer venue to the District of Arizona. [Record No. 69] More specifically, the Defendant contends that venue is not proper in the Eastern District of Kentucky because he was not part of a conspiracy to distribute marijuana in Kentucky. Alternatively, the Defendant contends that a discretionary transfer to the District of Arizona is warranted under the circumstances of the case. The United States opposes the Defendant's motions and contends that the present venue is proper.

Having reviewed the parties' briefs on this matter and being sufficiently advised, the Court will deny the Defendant's motions. The government has demonstrated that venue is proper due to the effect of the alleged drug activities on the Eastern District of Kentucky, the location of the events giving rise to the charges in the indictment, and the location of witnesses for trial.

I.   BACKGROUND

Defendant Horacio Raul Estrada-Elias is charged with conspiring with Christopher J. Hreljac and others to knowingly and intentionally distribute over 1,000 kilograms of marijuana, a schedule 1 controlled substance. The conspiracy allegedly occurred from a day in July, 2002, through on or about July 15, 2005, in Clay County, in the Eastern District of Kentucky, and elsewhere.

According to the government, the current charges against the Defendant arise out of the FBI's seizure of approximately 500 pounds of marijuana from the garage at James Davidson's residence in Clay County, on July 15, 2005. The marijuana allegedly belonged to Kenneth Day and was supplied by John Sherry,[1] both of whom were defendants in a related case. The government alleges that Sherry and Jeff James will testify that, beginning in 2002 and continuing through 2005, the Defendant brought the marijuana into the United States to James, who then supplied it to Sherry. The Defendant allegedly imported the marijuana from Mexico to a warehouse known as HRL Inc., in Phoenix, Arizona. The marijuana would then be distributed by the "middleman," James, and shipped by common carriers to Dayton, Ohio and Boston, Massachusetts. James would travel by air to meet Sherry during most of the marijuana deliveries, then return to Arizona to receive the payment. Sherry would distribute the marijuana exclusively to Kenneth Day, Larry Jackson, and Eugene Stewart, all of Clay County, Kentucky.

The government further alleges that Sherry and James will testify that Sherry traveled to Phoenix, Arizona and visited the Defendant on at least two occasions. On the first of these

---

[1]   The government notes that some of the marijuana included in the 500 pounds was supplied by others including Rishdi Asam and Mark Baird. [Record No. 81, p. 4]

occasions, in 2004, Sherry allegedly visited the warehouse where he met the Defendant and inspected the marijuana. Then, in 2005, both Sherry and James and others met in Phoenix to discuss a dispute over money and demands made by an associate who initially introduced Sherry to the Defendant's organization. According to the government, the Defendant was advised at that meeting of Sherry's customer base in Kentucky.

## II.     ANALYSIS

### A.     Venue in the Eastern District of Kentucky

A defendant must be tried in the state or district where the crime was committed. *United States v. Scaife*, 749 F.2d 338, 346 (6th Cir. 1984) (*citing Travis v. United States*, 364 U.S. 631, 634 (1961)). In conspiracy cases, venue is proper "in any district where the conspiracy was formed or in any district where an overt act in furtherance of the conspiracy was performed. A conspiracy defendant need not have entered the district so long as this standard is met." *Id*. (citations omitted). In *United States v. Turner*, the Sixth Circuit explained that "[c]onspiracy and drug importation are 'continuous crimes'; that is, they are not completed until the drugs reach their final destination, and venue is proper 'in any district along the way.'" *United States v. Turner*, 936 F.2d 221, 226 (6th Cir. 1992) (*citing United States v. Lowry*, 675 F.2d 593, 594 (4th Cir. 1982)); *see also* 18 U.S.C. § 3237 (2006) ("[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.")

The government bears the burden of proving by a preponderance of the evidence that venue is proper as to each count contained in the indictment. *United States v. Beddow*, 957 F.2d

1330, 1335 (6th Cir. 1992). However, it is well-established that venue may be proper in more than one location. *United States v. Brika*, 416 F.3d 514, 527 (6th Cir. 2005). In *United States v. Williams*, 788 F.2d 1213 (6th Cir. 1986), the Sixth Circuit adopted the substantial contacts test to determine the appropriate venue. That test "takes into account a number of factors – the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate fact finding." *Williams*, 788 F.2d at 1215 (*citing United States v. Reed*, 773 F.2d 477, 481 (2d Cir. 1985)).

Here, the Defendant contends that venue is not proper in the Eastern District of Kentucky because he was not a co-conspirator in any agreement to bring marijuana into Kentucky. The Defendant alleges that his actions did not "touch" Kentucky and that he did not embrace the overall aims of the conspiracy of James and Sherry. In response, the government contends that venue is proper because the locus of the effect of the conspiracy to distribute marijuana was Kentucky and because the Defendant allegedly had knowledge that the marijuana was being distributed there.

In support of his assertion that venue is not proper in this case, the Defendant directs the Court's attention to *United States v. Williams*, 274 F.3d 1079 (6th Cir. 2001). In *Williams*, the Sixth Circuit addressed a conspiracy involving the shipment of drugs from Texas to Michigan. *Williams*, 274 F.3d 1084. The court held that venue was improper in Michigan because the drugs never reached Michigan and, thus, the conspiracy had no effect in that district. *Id*. Specifically, the court noted that the party who intended to distribute the drugs in Michigan was an uncover agent. *Id*. The court held that even though the agent had expressed his intent to

distribute the drugs in Michigan to the defendant, the agent could not be considered a conspirator, and, thus, no agreement to distribute in Michigan ever occurred. *Id.* After applying the substantial contacts test, the court concluded that venue was improper because no overt acts in furtherance of the conspiracy occurred in Michigan and because the conspiracy did not have any effect on Michigan. *Id.*

The facts in *Williams* are clearly distinguishable from those currently before this Court. In the present case, the government states that it will show at trial that thousands of pounds of marijuana were distributed by the Defendant to this district. Additionally, the government contends that the Defendant was aware of Sherry's customer base in Kentucky and that he insisted to James that he ship more marijuana to Sherry. Moreover, on July 15, 2005, the government seized approximately 500 pounds of marijuana allegedly supplied by the Defendant from a residence in Clay County, Kentucky. These allegations sufficiently demonstrate that the locus of the effect of the Defendant's conspiracy to distribute marijuana was the Eastern District of Kentucky.

The Defendant further contends that venue is not proper because he did not participate in any acts in furtherance of the conspiracy in Kentucky. However, this fact is not dispositive under the substantial contacts test. A conspiracy defendant need not have even entered the district as long as an act in furtherance of the conspiracy took place there. *Scaife*, 749 F.2d at 346. Here, the government alleges that Sherry distributed thousands of pounds of marijuana supplied by the Defendant in Kentucky, and that Defendant had knowledge that the drugs were

being distributed in Kentucky. These acts by a co-conspirator were in furtherance of the overall conspiracy to distribute marijuana and, therefore, venue is proper for this reason as well. *See Id.*

Additionally, as the government notes, this district is suitable for fact-finding as to the matters charged in the indictment. The events giving rise to the charges in the indictment, (that is, the distribution of marijuana and the seizure of marijuana on July 15, 2005), occurred in this district. Further, the government asserts that the majority of witnesses are in this district, including the government agents and the defendants from related cases including Sherry, Day, and Stewart.

In support of his motion to dismiss, the Defendant also briefly argues that a fatal variance could result in this case if the evidence presented at trial differs significantly from that charged in the indictment. Specifically, he alleges that this case presents multiple conspiracies and that he was not a co-conspirator in the agreement by James or Sherry to bring marijuana to Kentucky. According to the Defendant, the evidence at trial will show that he was not involved in a conspiracy to distribute in this district, and, thus, even if some level of conspiracy on the part of the Defendant is proved, a fatal variance will result.

A review of the relevant authorities shows that the Defendant's argument on this point is without merit. "A variance occurs when the proof introduced at trial differs materially from the facts alleged in the indictment." *United States v. Hathaway*, 798 F.2d 902, 910 (6th Cir. 1986). In a conspiracy case, a variance results if the "indictment alleges one conspiracy, but the evidence can be construed as only supporting a finding of multiple conspiracies." *United States v. Lee*, 991 f.2d 343, 349 (6th Cir. 1993). However, "if the government proves multiple

conspiracies and a defendant's involvement in at least one of them, then clearly there is no variance affecting that defendant's substantial rights." *Id.* (citations omitted).

In *United States v. Lee*, the Sixth Circuit addressed a case similar to the one presently before the Court. In that case, the government charged the defendant in a conspiracy which involved the shipment of cocaine from Miami, Florida, to Detroit, Michigan. The defendant's role in *Lee* involved assisting in the distribution of the drugs in Detroit and aiding in the delivery of the cash to Miami. The Court held that the distribution to individual customers in Detroit was part of a single "chain" conspiracy, "the object of which was the transportation of cocaine from Florida to Michigan and the distribution of cocaine in the Detroit area." *Lee*, 991 F.2d at 349. The court concluded that the "defendant's assertions that the government proved the existence of multiple conspiracies rather than a single conspiracy and that, as a consequence, a variance resulted between the charges in the indictment and the evidence presented at trial are meritless." *Id.*

Here, the Defendant is charged in a conspiracy that allegedly involved the transportation of marijuana from Arizona to the Eastern District of Kentucky. The Sixth Circuit has held that "conspiracies to distribute narcotics, which normally involve numerous sales and resales of drugs until they reach the ultimate consumers, are often 'chain' conspiracies." *Lee*, 991 F.2d at 349. As in *Lee*, the object of the current conspiracy was the transportation of marijuana from Arizona to Kentucky, which ultimately led to the distribution of marijuana in the Clay County area. According to the government, the Defendant was aware of the role of James and Sherry, who directly distributed to customers in the Eastern District of Kentucky. Therefore, all the

customers in Kentucky, as well as the distributors and suppliers in Arizona are part of the same "chain" conspiracy.

Accordingly, because the government has demonstrated that the locus of the effect of the conspiracy to distribute marijuana is the Eastern District of Kentucky and because acts in furtherance of the conspiracy occurred in this district, venue is proper, and the Defendant's motion to dismiss will be denied.

### B. Discretionary Transfer to the District of Arizona

Alternatively, the Defendant contends that, if the Court finds that venue is proper in the Eastern District of Kentucky, a discretionary transfer to the District of Arizona is warranted under the circumstances presented. The government objects to the Defendant's motion to transfer venue because the agents investigating the offenses and the majority of witnesses are located in Kentucky. Additionally, the government notes that this Court has been involved in the predicate indictments involving Sherry, Day and others, and, therefore, contends that "to reassign the matter to a new judge and prosecutor would not be in the interest of justice." [Record No. 81, p. 7-8].

Rule 21(b) of the Federal Rules of Criminal Procedure provides that "the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." Fed R. Crim. Pro 21(b) (2006). In *Platt v. Minnesota Mining and Manufacturing, Co.*, 376 U.S. 240, 243-44 (1964), the Supreme Court approved of a number of factors that a district court could consider in reviewing a motion to transfer under Rule 21(b). These factors include the following:

> (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer.

*Platt*, 376 U.S. at 243-44 (citation omitted).

The Defendant contends that many of these factors weigh in his favor. Most notably, the Defendant requests that this Court consider (1) the location of the Defendant and his character witnesses, such as family and friends, in Arizona, (2) the expense of the parties, specifically the travel and lodging expenses for the Defendant's family, witnesses, and lawyer, (3) the location of the Defendant's counsel, in Arizona, (4) the relative accessibility of London, Kentucky, compared to Tucson, Arizona, and (5) the timely nature of the Defendant's motion to transfer so as to avoid trial delay.

However, the Court is not persuaded by these considerations. A decision regarding a motion to transfer is within the sound discretion of the district court. *See Turner*, 936 F.2d 226. It is well-established that a conspiracy to distribute a controlled substance is a continuing offense that can be prosecuted in any district including the final destination of the drugs. *Id*. In the present case, the majority of witnesses for trial, including John Sherry, Kenneth Day, Larry Jackson, Eugene Stewart, Jeff James, and the government agents are located in the Eastern District of Kentucky. Many of these witnesses were defendants in a related matter which was also before this Court and are currently in custody in this district. The location of the events likely to be at issue, such as the seizure of the marijuana in Clay County and the distribution by Sherry, Day, and others, occurred in Kentucky. Finally, the Court notes that the Defendant has

local counsel of record in Cincinnati, Ohio. Based on these considerations, the Court finds that venue is appropriate in the Eastern District of Kentucky and, therefore, will deny the Defendant's motion to transfer.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The Defendant's motion to dismiss for lack of venue, or, in the alternative, to transfer venue to the District of Arizona [Record No. 69] is **DENIED**.

2. Trial in this matter remains scheduled beginning **April 17, 2007, at 9:30 a.m.** at the United States District Court in London, Kentucky. The Court notes the receipt of Attorney Nash's Notice of Trial Conflict. [Record No. 85] However, this notice does not request any action by the Court and does not appear to establish grounds warranting a continuance at this time. Further, to the extent that counsel intends for this notice to function as a motion to continue, it is **DENIED**.

This 8th day of February, 2007.

Signed By:
_Danny C. Reeves_ DCR
United States District Judge