UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:06-CR-96-DCR-REW |
| | ) | No. 6:15-CV-7398-DCR-REW |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| HORACIO ESTRADA-ELIAS, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

On May 11, 2015,[1] Defendant/Movant Horacio Estrada-Elias filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* DE #166 (Motion). The Court conducted an initial review of the motion and perceived it to be untimely. However, in order to give Estrada-Elias a fair opportunity to respond, the Court ordered briefing on the issue of timeliness/equitable tolling. DE #167 (Order). Estrada-Elias sought and received an extension of time to respond. DE ##168 (Motion), 169 (Order). He then requested a second extension, DE #170 (Motion), and the Court denied the motion. DE #171 (Order). The United States responded and sought dismissal, alleging that the motion is untimely and that equitable tolling does not apply on this record. DE #172 (Response). Movant then filed[2] a response, attaching two transcripts, an affidavit, a

---

[1] The filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Estrada-Elias affirmed under penalty of perjury that he placed the § 2255 motion in the prison mailing system on May 11, 2015. DE #166, at 13.

[2] The Court views the response as almost certainly untimely. Under DE #169, Estrada-Elias had through July 22 to file. He dated the response July 21, *see* DE #173, at 6, but this is the same date as his previously filed motion for an extension of time to respond, *see* DE #170, at 1. His response bears a postmark of July 27. DE #173-3 (Envelope). [His motion for an extension of time, allegedly submitted the same day, bore a July 22 postmark. DE #170-1 (Envelope).] The Clerk received the response on August 11. [The Clerk received the prior motion, allegedly submitted the same day, on July 31.] This timeline, in context, is highly suspicious, and the

1

declaration, a letter and jurat from Elizabeth Estrada-Abuzaid, and a letter from Attorney Walter Nash. DE #173 (Response). Having reviewed the filings under the applicable standards, the Court **RECOMMENDS** that the District Court **DISMISS** the time-barred petition **WITH PREJUDICE** and **DENY** a Certificate of Appealability.

I.   STATUTE OF LIMITATIONS

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Section 2255 provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judge Reeves entered judgment[3] on April 24, 2008. DE #151 (Judgment). Estrada-Elias did not appeal. In 2008, an unappealed judgment became final 10 days after entry. Fed. R. App. P. 4(b)(1)(A) (2008 ed.); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004)

---

Court assesses the filing with this in mind. Despite this, though, the Court has considered all filings and attachments.

[3] The record reflects that Estrada-Elias pleaded guilty to Counts I and II of the Superseding Indictment, charging him with conspiracy to knowingly and intentionally distribute 1,000 kilograms of more of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and the connected forfeiture allegation (*see* DE #45). DE #151, at 1. Judge Reeves sentenced Estrada-Elias to a prison term of life without release. *Id.* at 2.

2

(stating 10 days under the pre-2009 amended Rule).[4] Accordingly, Estrada-Elias had ten days from April 24, 2008, or until May 5, 2008, to appeal. He then, per the AEDPA, had one year from May 5, 2008, to file a § 2255 motion. Estrada-Elias did not file his motion until May 11, 2015, thereby missing the filing deadline by over 6 years.

Estrada-Elias makes no credible attempt to avoid § 2255(f). His motion's short and conclusory timeliness argument—that Movant "diligently pursued his attorney to have an appeal filed, and[] only now is convinced that Attorney Walter Nash's efforts are a fraud"—is unavailing. *See* DE #166, at 12; *see also* DE #173, at 5 (same language). Even after passage of the appeal window, Movant did not promptly act to protect his rights, instead waiting **over 7 years** to file. This lengthy period of inaction belies Movant's contention that he "only now is convinced" that Attorney Nash did not file an appeal. Further, the case docket reflects no activity between June 2008 and February 2013, when Movant requested a copy of the docket sheet and a § 2255 application. *See* DE #157 (Letter). The Clerk promptly mailed each, but Estrada-Elias still waited over two years to submit a § 2255 motion. Simply put, Estrada-Elias filed more than one year after the judgment became final. The motion is conclusively time-barred under § 2255(f).

## II.  EQUITABLE TOLLING

Further, equitable tolling does not spare Estrada-Elias's petition.[5] The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may apply in some circumstances.

---

[4] A criminal defendant now has 14 days to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A). That minor change has no effect here.

[5] Equitable tolling applies to § 2255 motions. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001), *abrogated on other grounds by Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011) ("Because there is a rebuttable presumption that equitable tolling applies to statutes of limitations and there is no indication that Congress did not intend for equitable tolling to apply to the limitation period in habeas cases, the one-year statute of limitations in § 2255 is subject to equitable tolling."). The Government does not contest its conceptual applicability. DE #172, at 1.

*Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 126 S. Ct. 1675, 1681 (2006)); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly," and the burden is on the defendant to prove its applicability. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). When requesting equitable tolling of the AEDPA limitation period, a petitioner bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005)). The Sixth Circuit accordingly evaluates requests for equitable tolling under this two-part test. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (no longer following the five-factor test). The proper inquiry is case-by-case and fact-based. *See Holland*, 130 S. Ct. at 2562-63. The doctrine "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Plummer v. Warren*, 463 F. App'x 501, 504 (6th Cir. 2012) (citation and internal quotation marks omitted).

There is utterly no basis here for the doctrine of equitable tolling. Again, needless to say, the delay of **over 7 years** between conviction finality and Movant's § 2255 filing clearly undercuts the diligence of his rights pursuit. Estrada-Elias would have known in May 2008 that his attorney did not file a notice of appeal, but he took no steps for over 7 years to raise and assert his rights. Nothing in the record suggests Estrada-Elias lacked actual or constructive notice of the filing requirements of § 2255, and the Court finds no evidence of reasonable ignorance of the legal requirement to file the claim.[6]

---

[6] The Court notes that Estrada-Elias waived any right to appeal in his Plea Agreement. DE #152, at ¶ 8. Judge Reeves covered this extensively at rearraignment. DE #173-2, at 20. Rather than credibly claiming improper failure to appeal, Movant's real complaint is that he never received the benefit of Rule 35(b). That avenue for post-sentencing relief hinges on "the government's

4

Further, the record reflects no extraordinary circumstance sufficient to warrant equitable tolling. Estrada-Elias attempts to identify "several [two] extraordinary circumstances[,]" DE #173, at 3, but neither suffices to justify tolling here. First, Movant states that he "was led to believe by the Court that he would be coming back for further sentencing considerations pursuant to Rule 35." *Id.* Second, Estrada-Elias states that Attorney Nash also informed him that he "would go back to receive a Rule 35 sentencing reduction" after certain satisfaction of certain conditions. *Id.* The statement he attributes to the Court, *see* DE ##173, at 3; 173-2, at 28, was merely in the context of defense counsel requesting sentencing approximately 180 days from rearraignment. The timing of sentencing is irrelevant to any possible Rule 35(b) activity; that rule applies post-judgment. Other counsel statements merely contemplate the possibility of future Rule 35 proceedings. *E.g.*, DE #173-2, at 36-38 (*E.g.*, "If we are back here under a Rule 35 posture"; "if there is a Rule 35 motion at some point in the case").

Under the prevailing standards, the doctrine of equitable tolling does not apply to save the untimely motion.[7] Estrada-Elias did not file a timely § 2255 motion, and nothing but his own chosen course of conduct caused that result.[8] He does not establish any extraordinary obstacle to timely filing. Any statements regarding future, speculative Rule 35 sentencing proceedings are wholly tangential to the lynchpin issue here: demonstration of circumstances beyond Movant's control that prevented timely § 2255 filing. Statements concerning possible future case

---

motion." Fed. R. Crim. P. 35(b). Whatever Movant's hope may have been in that regard (and the record does not allow assessment of that), Judge Reeves specifically confirmed that Estrada-Elias's plea was knowing, voluntary, and intelligent and rested on no unstated promises. DE #173-2, at 14.

[7] Estrada-Elias does not argue for equitable tolling on the ground that he is actually innocent, and he has not presented or even pursued a "credible" claim of actual innocence. *See Cleveland v. Bradshaw*, 693 F.3d 626, 632-33 (6th Cir. 2012). He pleaded guilty and agreed to facts establishing crime commission. DE #173-2, at 24-27. Accordingly, Estrada-Elias clearly is not entitled to equitable tolling on this basis.

[8] He stated that he "didn't consider [nine years] an unreasonable amount of time to wait" to file. DE #173, at 3.

5

proceedings simply do not touch on either the diligence of Estrada-Elias's rights pursuit or any extraordinary obstacles to meeting the § 2255 filing deadline. That is, any Movant belief that he should have returned to Court for further sentencing proceedings does not address either the 7-year period of inaction between conviction finality and § 2255 motion filing (during which Estrada-Elias would have been aware that Nash did not file a notice of appeal) or any extraordinary obstacle to timely filing a § 2255 motion. An expectation of future court proceedings does not prevent and is no obstacle (much less an extraordinary one) to timely filing a habeas motion. Estrada-Elias may be disappointed that he did not receive Rule 35(b) consideration. That in no way impacts the obvious lapse of any appeal deadline, the obvious lapse of § 2255(f), and the lengthy period in which Movant chose to bide time and remain inactive. The tolling burden is Movant's, and he wholly fails to carry it.

### III. CONCLUSION

Because Estrada-Elias's petition is time-barred, the Court **RECOMMENDS** that the District Court **DISMISS** the motion (DE #166) **WITH PREJUDICE** and **DENY** a Certificate of Appealability.[9]

*   *   *   *   *

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file

---

[9] No Certificate of Appealability should issue because the timeliness result is not on this record fairly debatable. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (requiring a petitioner to demonstrate, when a court dismisses on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 19th day of October, 2015.

Signed By:
Robert E. Wier  *REW*
United States Magistrate Judge