UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 06-096-DCR |
| ) | |
| V. ) | |
| ) | |
| HORACIO RAUL ESTRADA ELIAS, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Horacio Elias has sent a letter to the Court requesting compassionate release and asserting an ineffective assistance of counsel claim against his attorney, Walter Nash. His request for compassionate release will be denied because there is no indication that he has exhausted his administrative remedies. Additionally, he cannot assert his ineffective assistance of counsel claim without authorization from the United States Court of Appeals for the Sixth Circuit. Therefore, the portion of his letter construed as a successive § 2255 motion, will be transferred to the Sixth Circuit in accordance with 28 U.S.C. § 2244.

**I.**

Elias pleaded guilty on April 10, 2007, to conspiring to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 108] He was sentenced to the mandatory minimum of life without release on April 24, 2008. [Record No. 151] Elias did not appeal his sentence.

However, Elias filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on May 19, 2015. [Record No. 166] He contended that his attorney, Walter

Nash, was perpetrating a fraud because Nash allegedly told Elias that he would be resentenced under Federal Rule of Criminal Procedure 35 and that Nash would file an appeal on his behalf. The Court later denied his § 2255 as untimely and concluded that he was not entitled to equitable tolling. [Record No. 177] Elias then filed a motion to reconsider the Court's decision, which was also denied. [Record Nos. 181, 182]

On December 7, 2015, Elias filed a motion to reduce his sentence under Amendment 782. [Record No. 179] The Court denied that motion because the defendant was sentenced according to a statutory mandatory minimum and not according to the United States Sentencing Guidelines. [Record No. 180] Elias then appealed the denial of his motion for a sentence reduction to the United States Court of Appeals for the Sixth Circuit, The Sixth Circuit, however, affirmed this Court's decision. [Record No. 191]

Elias has now requested compassionate release. He asserts that he is 88 years old, that he gets winded walking to the law library, and that he has been to cardiology on two occasions. Further, he alleges ineffective assistance of counsel by his attorney Walter Nash because his attorney charged him $225,000.00 and allegedly knew that informants were lying.

## II.

a. Compassionate Release

To request compassionate release, a defendant must comply with the requirements set forth in 18 U.S.C. § 3582(c). This statutory section provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all

> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release. Pub. L. No. 115-391, § 603(b). However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief.

The present motion is not brought by the Director of the Bureau of Prisons and it does not appear that Elias has exhausted his administrative remedies. *See Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001). Accordingly, his request for compassionate release will be denied.

<u>b. Ineffective Assistance of Counsel</u>

Elias also alleges ineffective assistance of counsel. However, this claim must be asserted in a § 2255 petition. The Court has already determined that Elias tried to file an untimely § 2255 and equitable tolling did not apply. Accordingly, his original § 2255 was

denied. He cannot now attempt to raise an ineffective assistance of counsel claim outside of a § 2255. Therefore, his letter is treated, in part, as an attempt to file a second or successive § 2255.

Title 28 of the United States Code, section 2244(b)(3)(A), provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because the defendant's letter is construed, in part, as a second or successive motion seeking relief under 28 U.S.C. § 2255, it must be properly certified by a panel of the United States Court of Appeals for the Sixth Circuit before it can be considered by this Court. 28 U.S.C. § 2255(h).

### III.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. To the extent that Defendant Elias' letter is construed as a motion requesting compassionate release, the motion is **DENIED**.

2. To the extent that Defendant Elias is requesting relief from this Court based on a claim for ineffective assistance of counsel, his request is **DENIED**.

3. With respect to the defendant's claim of ineffective assistance of counsel, the Clerk of the Court is **DIRECTED** to transfer the matter to the United States Court of Appeals for the Sixth Circuit as a successive petition seeking relief under 28 U.S.C. § 2255.

4. The Clerk of the Court is **DIRECTED** to file the letter received by Defendant Elias in the record of this proceeding.

Dated: May 21, 2019.


Signed By:
*Danny C. Reeves*
United States District Judge